UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, et. al.

                    Plaintiffs,

    - against -                   **STIPULATION OF SETTLEMENT**

SANITATION SALVAGE CORP.         Case No.: 03 CV 461 (SJ)

                    Defendant.
-----------------------------------------------------------X

        **IT IS HEREBY STIPULATED AND AGREED**, by and between defendant, SANITATION SALVAGE CORP. (hereinafter "Defendant"), and plaintiffs, TRUSTEES OF THE LOCAL 813, I.B.T., INSURANCE TRUST FUND, THE LOCAL 813 I.B.T. PENSION FUND AND THE LOCAL 813 I.B.T. SEVERANCE FUND (the "plaintiffs" or "Funds"), that this action shall be settled and discontinued as follows:

        1.    Defendants agree to make payment to plaintiffs in the amount of $15,246.25, in full and final settlement of the unpaid employee benefit contributions as shown in the revised audit report performed on behalf of plaintiffs covering the period January 1, 2002 through March 31, 2003 (the "Audit").

        2.    The monies referenced in paragraph one shall be allocated as follows: $9,296.25 to the Local 813 Insurance Trust Fund; $4,130.00 to the Local 813 Pension Fund; and $1,820.00 to the Local 813 Severance Trust Fund. These monies shall constitute payment in full for the following participants: Joel Lugo; John A Pradlik; Ernesto Negron; Wilde Diaz; Hildaberto DeJesus; D.J. Paterson and Warren Wingate. Moreover, as agreed by and between the parties to this

-1-

litigation, the defendant shall not be required to remit any contributions on behalf of Delbert Richardson and Eric Dortch inasmuch as both of these individuals were not performing bargaining unit work for the time period in question and as such, are removed from the Fund's delinquency list.

3. The monies referenced in paragraph one shall be paid simultaneously with the execution of this Stipulation of Settlement on behalf of Defendant.

4. Defendant and plaintiffs hereby release one another and each in favor of the other and forever waive any and all claims for Fund contribution payments up to and including March 31, 2003, regarding the employees set forth in paragraph two (2) including, without limitation, any and all claims which have or could have been asserted in this action, or which otherwise relate in any way to the settlement and payments as provided herein, except for claims, actions or proceedings expressly authorized herein, or otherwise to enforce the terms hereof or to remedy a breach of the obligations herein provided.

5. Upon full payment and clearance of the amounts to be paid by Defendants hereunder and all other conditions set forth herein, and upon entry of this Stipulation of Settlement as an Order of the Court, this action shall be dismissed with prejudice and marked off the Court's calendar without the need for further action on the part of any party hereto; except Plaintiffs reserve the right to enforce the terms of this agreement if necessary.

6. It is the desire and intent of the parties that the terms, provisions, covenants and remedies contained in this Stipulation of Settlement shall be enforceable to the fullest extent permitted by law. If any term, provision, covenant or remedy provided in this Stipulation of Settlement shall, to any extent, be construed to be invalid or unenforceable in whole or in part, then such term, provision, covenant or remedy shall be construed in a manner so as to permit its enforceability under applicable law to the fullest extent permitted by law. In any case, the remaining provisions of this Stipulation of Settlement or the application thereof, other than those which have

been held invalid or unenforceable by final judicial determination, shall remain in full force and effect.

7. This Stipulation of Settlement constitutes a complete and exhaustive expression by the parties hereto of their respective rights and obligations hereunder and shall not be modified, amended or changed in any respect except in a writing signed by each of the parties hereto.

**IN WITNESS WHEREOF**, the parties have caused this Stipulation of Settlement to be executed on the dates below written.

SANITATION SALVAGE CORP.

By: _____
STEVEN SQUITIERI
Dated: _____, 2003

PRIVATE SANITATION UNION LOCAL 813, I.B.T. INSURANCE AND PENSION TRUST FUNDS

By: _____, Trustee
Dated: 9/12, 2003

By: _____, Trustee
Dated: 9/12, 2003

By: _____, Trustee
Dated: 9/12, 2003

By: _____, Trustee
Dated: 9/12, 2003

**SO ORDERED:**

_____ U.S.D.J.

Dated: Brooklyn, NY
Febr. 18 2003
2004

—3—

405178